IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RONALD MCGEE,<br>　　Plaintiff ) <br> ) <br> ) <br>v.　　　　　　　　　　　　 ) <br> ) <br> ) <br>KEVIN GENOVESE, et al.　 ) <br>　　Defendants.　　　　　 ) | Case No. 1:19-cv-0024<br>Judge Campbell /Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

Pending before the Court is a document styled "Complaint to Intervene" filed by a pro se prisoner, Calvin Tankesly, who moves for leave to intervene as a Plaintiff in the instant case. Docket No. 29. Mr. Tankesly has also filed a document styled "Pleading in Support for Complaint to Intervene." Docket No. 30. The Defendants have filed a response in opposition to the Complaint to Intervene. Docket No. 34. For the reasons stated herein, the undersigned recommends that Mr. Tankelsly's motion to intervene be DENIED.

## BACKGROUND

The Plaintiff in this action, Ronald McGee, filed this pro se Complaint for alleged violations of his civil rights pursuant to 42 U. S. C. § 1983. Docket No. 1. Plaintiff contends that the Defendants were and are deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Docket No. 1 at 8-9. Plaintiff's Complaint seeks both monetary damages and injunctive relief in this action against various Defendants in their individual and official capcoities. Docket No. 1.

Calvin Tankesly, Jr. is an inmate housed at Turney Center Industrial Complaint and self-described "jailhouse lawyer" a position he has held since 1984. Docket No. 30, p. 2, 9. Tankesly

contends he is the authorized legal aide who prepared Plaintiff Ronald McGee's 42 U. S. C. § 1983 verified civil right Complaint. *Id.* at p. 4.

Mr. Tankesly seeks to intervene in the instant action in order to assert claims on his own behalf based upon alleged harassment and retaliation for his assistance given to other inmates to pursue legal claims related to their confinement. Docket No. 30. Tankesly asserts he has standing as an intervener and "a protected liberty interest motivated to bring about social change and protect constitutional rights in prison." Docket No. 29. He further argues that "he is seeking to create change in the system and protect constitutional rights in the prison, protected under the First Amendment, freedom of expression clause of the United States Constitution." *Id.*

Defendants have filed a response in opposition to the motion arguing that the Federal Rules of Civil Procedure do not allow Mr. Tankesly's Complaint to Intervene and to the extent they do, allowing the intervention would be prejudicial to the case. Docket No. 34. Defendants contend that "Tankesly does not have an interest in the present case such that he would be granted intervention a right." *Id.* at p. 2. Further, they contend that permissive intervention is inappropriate because Mr. Tankesly's claims lack common questions of law or fact with Plaintiff's asserted claims. *Id.* They assert that if Mr. Tankesly wishes to litigate his claims, he should do so by separate action in compliance with the requirements of the Prison Litigation Reform Act ("PLRA") and thus his motion should be DENIED. *Id.* p. 3.

## ANALYSIS

### A.     Legal Standard

Rule 24(a)(2) entitled certain applicants to intervene in a lawsuit as a right. The Court must allow a party to intervene if the party makes a timely motion and (1) a federal statute gives the party an unconditional right to intervene, or (2) the moving the party "claims an interest relating

to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Federal Rules of Civil Procedure 24(a). There is not federal statute authorizing Tankesly to intervene as a right under Rule 24(a)(1). Therefore, Tankersley's asserted right must arise, if at all, under Rule 24(a)(2).

A movant seeking to intervene as a right pursuant to Rule 24(a)(2) must show that: (1) the motion to intervene was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect that substantial legal interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007), *petition for cert. denied*, 129 S.Ct. 35, 2008 U.S. LEXIS 6191 (Oct. 6, 2008). A movant for intervention must demonstrate all four elements in order to prevail. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). The Sixth Circuit has instructed that Rule 24 "should be 'broadly construed in favor of potential intervenors.'" *Granholm*, 501 F.3d at 779, *citing Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). *See also Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782, 784 (6th Cir. 2004); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

Intervention of interested third parties under Rule 24(b) of the Fed. R. Civ. P. is permitted with permission of the Court. The rule provides, in relevant part, "anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. *Frank Betz Assoc., Inc. v. J. O. Clark Construction, LLC*, 2010 WL 2375871 at *1 (M. D. Tenn. June 4, 2010). A Motion under Rule 24(b) is addressed at the sound discretion of the District Court. *See Afro American Patrolman's League v. Duck*, 503 F. 2d 294,

298 (6th Cir. 1974); *Thornton v. East Texas Motor Freight, Inc.*, 454 F. 2d 197 (6th Cir. 1972). IN exercises it discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original party's rights. *Frank Betz Assoc., Inc.* 2010 WL 2375871 at *1. Thus, typically, "to intervene permissively, a proposed intervener must establish that the motion for innervation is timely and alleges at least on common question of law or fact." *Id.*

   B.    **The Case at Bar**

Apart from a conclusory citation to Fed. R. Civ. P. 24, Mr. Tankesly offers no analysis of the requirements for intervention in his pleadings. He cited no federal statute that provides him an unconditional right to intervene nor has he provided any analysis that disposing of Mr. McGee's claims would "impair or impede" his ability to protect his interest as asserted in the pleadings. Further, he has pointed at no shared common question of fact or law between his alleged claims and those asserted by Mr. McGee in his Complaint. In fact, apart from identifying himself as having assisted Mr. McGee in drafting his verified complaint there appears to be no connection between the two. Similarly, requiring the Defendants to litigate against an unrelated claim is prejudicial to the parties and would not promote judicial economy.

The undersigned has considered all of the factors for intervention as a right under Rule 24(a) as well as permissive intervention under Rule 24(b) and as discussed above, concludes that Tankesly fails to meet his burden to establish any of the factors and does not have the right to intervene. Because Mr. Tankesly has failed to satisfy the requirements of Fed. R. Civ. P. 24 the undersigned recommends that Mr. Tankesly's Complaint to Intervene (Docket No. 29) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**